# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAULT CARGO MANAGEMENT, LLC, an Iowa limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RHINO U.S.A., Inc., a California corporation,<br><br>Defendant. | Case No.: 3:18-cv-01517-H-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 14.] |

On September 11, 2018, Plaintiff Vault Cargo Management, LLC ("Plaintiff") filed a motion for a preliminary injunction. (Doc. No. 14.) On October 1, 2018, Defendant Rhino U.S.A. opposed the motion. (Doc. No. 19.) On October 5, 2018, Plaintiff replied. (Doc. No. 20.) The Court held a hearing on the motion on November 5, 2018. For the following reasons, the Court denies the motion for a preliminary injunction without prejudice.

## **Background**

Plaintiff and Defendant are online retailers of vehicle accessory equipment. (Doc. No. 14-2, Scott Decl. ¶ 5; Doc. No. 14-4, Prendergast Decl. ¶ 14.) The parties sell products

1

that are in direct competition, including a variety of vehicle straps. (Scott Decl. ¶ 15.) On July 7, 2018, Plaintiff brought suit against Defendant for allegedly creating the false impression that its products are made in the United States. (Doc. No. 1.) Plaintiff brought claims for false or misleading advertising under the Lanham Act, false or misleading advertising under Cal. Bus. & Prof. Code § 17500, and unfair competition under Cal. Bus. & Prof. Code § 17200. (Doc. No. 1 ¶¶ 22–34.)

On September 11, 2018, Plaintiff filed a motion for a preliminary injunction. (Doc. No. 14.) Plaintiff asserts that Defendant's products are produced overseas and that Defendant nevertheless advertises its products as manufactured in the United States. (Doc. No. 14-1 at 6.) In support of Plaintiff's argument that Defendant's products are manufactured overseas, Plaintiff asserts that import records show that Defendant's products are shipped from China. (Doc No. 14-5, Exh. 1; Scott Decl. ¶¶ 17, 24–27; Doc. No. 14-3, Kanko Decl. ¶¶ 3–6.) In addition, Plaintiff notes that Defendant explained in response to a customer question on Amazon Marketplace that its products are manufactured overseas. (Doc. No. 14-5, Exh. 12, Fig. 3.) In support of Plaintiff's argument that Defendant advertises its products as manufactured in the Unites States, Plaintiff provides examples of Defendant explaining that its products are American made, (Doc. No. 14-5, Exh. 9, Fig. 1; Exh. 10); hundreds of examples of Defendant republishing, approving, or endorsing customer reviews that state that Defendant's products are made in the United States (Doc. No. 14-5, Exhs. 14–21, 24–29, Exh. 30, Fig. 1.1 & 2–3, Exh. 31, Exh. 33, Fig. 1.1); and one example of Defendant answering a consumer question on Amazon.com explaining that its products are made in Naperville, Illinois by Defendant's contract manufacturer, (Doc. No. 14-5, Exh. 12).

## Discussion

I. **Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this

2

3:18-cv-01517-H-LL

extraordinary remedy." Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 555 U.S. at 20.

## II. Analysis

### a. Irreparable Harm

Plaintiff contends that, absent a preliminary injunction, it will suffer irreparable harm as a result of Defendant's alleged false advertising. (Doc. No. 14-1 at 25–28.) Plaintiff argues that it suffers intangible injuries to its goodwill and reputation as a result of Defendant creating a false distinction that its products are American made as opposed to imported. (Id. at 25.) Defendant contends that Plaintiff has not shown that Defendant negatively affects Plaintiff's business through unlawful activity and that Plaintiff's evidence of harm is speculative. (Doc. No. 19 at 22.)

A party seeking a preliminary injunction must establish that he is likely to suffer irreparable harm. Winter, 555 U.S. at 20. The mere "possibility" of irreparable harm is not sufficient to justify a preliminary injunction. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." Idaho v. Coeur d'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015); see also Los Angeles Memorial Coliseum Comm'n v. NFL, 634 F2d 1197, 1202 (9th Cir. 1980) (denying a preliminary injunction because lost revenues, diminution of property value and loss of substantial goodwill are all monetary damages that can be remedied by a damages award). Although loss of goodwill may constitute irreparable injury, the loss must be based on factual allegations and not be purely speculative. Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984); see also Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1250 (9th Cir. 2013) ("Evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm.").

3

3:18-cv-01517-H-LL

Plaintiff has not provided sufficient evidence that it will suffer irreparable harm absent a preliminary injunction. Plaintiff provides evidence that its sales vary depending on Defendant's activity in the market, pointing out that when Defendant began selling ratchet straps, Plaintiff's sales declined by 50 percent. (Scott Decl. ¶ 29.) In addition, when Defendant's ratchet strap listing is not active, Plaintiff's ratchet strap sales double. (Id. at ¶ 30.) Plaintiff asserts that similar sale declines and rebounds corresponding to Defendant's listing activity are true for several of Plaintiff's other products. (Id. at ¶ 31.) These examples, which Plaintiff describes as "discernable monetary impacts," (Doc. No. 14-1 at 10), are simply economic harms that may be recovered in the ordinary course of litigation. See Coeur d'Alene Tribe, 794 F.3d at 1046.

With respect to loss of goodwill and damage to reputation, Plaintiff does not provide sufficient evidence that Defendant will enjoy brand loyalty built on the allegedly false statements even if Plaintiff is successful in this suit. Plaintiff supports its contention that Defendant will continue to enjoy brand loyalty with a declaration from Plaintiff's own CEO, but provides no other explanation supporting the contention. In order to establish irreparable harm, Plaintiff must provide more than conclusory assertions. Plaintiff's assertions must be grounded in evidence that the "irreparable injury is *likely* in the absence of an injunction" or that "legal remedies, such as money damages, are inadequate[.]" Herb Reed, 736 F.3d at 1250 (italics in original) (holding that the district court erred in concluding that irreparable harm was established because the record had no evidence supporting the conclusion). Moreover, although Plaintiff explains that Defendant is its primary competitor, Plaintiff also notes that there are "many different sellers of cargo and vehicle recovery accessories, offering varying levels of product quality across a wide array of price points[.]" (Scott Decl. ¶ 13.) Plaintiff has not provided sufficient evidence that those customers concerned with the manufacturing origins of a product would not choose to purchase the product from one of the other "many different sellers" of similar products. (Id.) As a result, Plaintiff has failed to demonstrate that it will likely experience irreparable harm to its goodwill and reputation absent a preliminary injunction. See All. for the Wild

Rockies, 632 F.3d at 1131 (explaining that the mere possibility of irreparable harm is not sufficient to justify a preliminary injunction).

### b. Defendant's Request for Sanctions

Defendant requests a sanction of attorney's fees because it contends that Plaintiff's motion was meritless. (Doc. No. 19 at 31.) Plaintiff argues that its motion was not without merit. (Doc. No. 20 at 11.) The Court agrees with Plaintiff.

A court may impose Rule 11 sanctions when "a litigant makes a 'frivolous filing,' that is, where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and where a litigant files a pleading or other paper for an 'improper purpose,' such as personal or economic harassment." Greenberg v. Sala, 822 F.2d 882, 885 (9th Cir. 1987) (internal citations omitted). Here, the Court concludes that Plaintiff's motion was not a frivolous filing and the motion was not filed for an improper purpose. Indeed, there is information on the record that shows importation from China of some goods of Defendant. This appears inconsistent with some of Defendant's representations, if made, that its products are made in the United States. Accordingly, the Court denies Defendant's request to issue sanctions.

### **Conclusion**

Given that Plaintiff has failed to establish that it will suffer irreparable harm, the Court denies Plaintiff's motion for a preliminary injunction without prejudice. See Winter, 555 U.S. at 20. The Court reserves the right to issue a preliminary injunction after further development of the record. The Court also denies Defendant's request for a sanction of attorney's fees.

**IT IS SO ORDERED.**

DATED: November 5, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT