# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAULT CARGO MANAGEMENT, LLC, an Iowa limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RHINO U.S.A., Inc., a California corporation,<br><br>Defendant. | Case No.: 3:18-cv-01517-H-LL<br><br>**ORDER DENYING DEFENDANT RHINO U.S.A., INC'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 74.] |

Defendant Rhino U.S.A., Inc. ("Defendant") seeks reconsideration of the Court's judgment ordering each party to bear its attorney's fees. On December 27, 2019, Plaintiff Vault Cargo Management, LLC ("Plaintiff") moved to voluntarily dismiss the complaint with prejudice, explaining that Plaintiff had become financially insolvent and was unable to continue the litigation. (Doc. No. 69.) Plaintiff's motion sought dismissal with each party to "bear their own fees and costs." (Id. at 5.) On December 30, 2019, Defendant filed an opposition to Plaintiff's motion to voluntarily dismiss. (Doc. No. 70.) On January 8, 2020, the Court issued an order granting Plaintiff's motion to voluntarily dismiss the complaint and denying Defendant's motion for summary judgment as moot. (Doc. No. 72.) The Court's order stated that, "[e]xercising the Court's discretion, the Court also

grants the motion to have each side bears its attorney's fees."[1] (Id. at 2.)

Following the Court's order, on January 22, 2020, Defendant filed a motion for reconsideration of the Court's judgment ordering each party to bear its attorney's fees. (Doc. No. 74.) On February 10, 2020, Plaintiff filed an opposition to Defendant's motion for reconsideration[2] (Doc. No. 77), and on February 18, 2020, Defendant filed a reply. (Doc. No. 79.)

The Court denies the motion for reconsideration. Defendant seeks reconsideration under Federal Rule of Civil Procedure 60(b). Rule 60(b) authorizes a court to grant relief from judgment on several enumerated grounds, Fed. R. Civ. P. 60(b)(1)–(5), as well as "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Since Defendant offers no basis for reconsideration on any of the enumerated grounds under Rule 60(b)(1)–(5), Defendant's motion can only seek relief through the catch-all provision in Rule 60(b)(6). A party invoking Rule 60(b)(6) must demonstrate "extraordinary circumstances" to justify relief. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citing Ackermann v. United States, 340 U.S. 193, 199 (1950)).

After considering the parties' briefing and the circumstances of the case, the Court finds no extraordinary circumstances justifying reconsideration of the Court's order. Defendant argues that this is an exceptional case because Plaintiff persisted with a meritless claim. (Doc. No. 74-1 at 11–15.) The Court disagrees. The Court previously denied a request Defendant made for sanctions, observing that Plaintiff's motion for preliminary injunction was "not a frivolous filing" nor "for an improper purpose" because information in the record showed that Defendant imported some of its goods from China, "inconsistent with some of Defendant's representations, if made, that its products are made in the United

---

[1] The award of attorney's fees under the Lanham Act is a matter for the Court's discretion. 15 U.S.C. § 1117(a); Stephen W. Boney, Inc. v. Boney Servs., Inc., 127 F.3d 821, 825 (9th Cir. 1997).

[2] In Plaintiff's opposition, Plaintiff also argues that Defendant should not be awarded costs. (Doc. No. 77 at 5–7.) If Plaintiff opposes Defendant's request for costs, Plaintiff should comply with the Court's local rules and procedures governing taxation of costs. See Local Rule 54.1(g)-(h).

2

3:18-cv-01517-H-LL

States." (Doc. No. 28 at 5.)  And Defendant concedes that it removed statements it made about its products being manufactured within the United States. (Doc. Nos. 59-1 at 1; 74-3 at 2.)  Defendant claims that Plaintiff was unable to demonstrate damages, but Plaintiff's financial inability to continue the litigation does not signify Plaintiff's inability to make a claim if it had the capacity to continue the suit.  Even then, "an inability to show actual damages does not alone preclude a recovery under section 1117 [of the Lanham Act]." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1146 (9th Cir. 1997).  Thus, no extraordinary circumstances justify reconsideration of the Court's prior order, and the Court denies Defendant's motion for reconsideration.

**IT IS SO ORDERED.**

DATED: February 20, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT